MARYLAND CASUALTY CO. v. PRICE, SMITH, SPILMAN & CLAY.

(District Court, S. D. West Virginia.   June 16, 1915.)

1. COURTS ☞329—UNITED STATES COURTS—JURISDICTIONAL AMOUNT.

In a liability insurer's action against its attorneys, the declaration alleged the bringing of an action against one of its policy holders, notice thereof to the attorneys, with instructions to appear for insurer, a promise to look after the case, that the insurer attempted to compromise the litigation and could have done so at any time up to the rendition of judgment for $2,000, that by reason of the attorneys' neglect a default judgment was entered against the policy holder and an inquiry of damages executed, resulting in a judgment for $15,000, which the insurer was compelled to pay, and that under its policy its limit of liability, had it defended the action, would have been $5,000. There was no allegation that the terms of the policy were communicated to the attorneys, or that any facts constituting a defense were ever communicated to them. *Held*, that the declaration was insufficient to state a cause of action within the jurisdiction of a federal court, since, while a declaration alleging a total failure to make any defense may be sufficient to sustain a judgment for nominal damages, to state a cause of action for an amount cognizable in the courts of the United States, the declaration must aver either a good defense, or that a less sum would have been recovered, but for the attorneys' negligence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. ☞329.]

2. ATTORNEY AND CLIENT ⊖⟶109—LIABILITY FOR NEGLIGENCE.

    Where a client, at the time of employing counsel to defend an action, had the option of settling the case for a comparatively small sum of money, but such fact was not communicated to the counsel, nor were any of the other facts of the case so communicated to them, the client could not make its attorneys responsible for its own default in failing to settle the case on the favorable terms known to it alone.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 221, 222; Dec. Dig. ⊖⟶109.]

At Law. Action by the Maryland Casualty Company against Price, Smith, Spilman & Clay. On demurrer to the amended declaration. Demurrer sustained.

    This is an action brought by the Maryland Casualty Company against the defendants, who were the regularly retained counsel of plaintiff company at Charleston, W. Va. The plaintiff company is engaged, inter alia, in issuing policies of liability insurance, and had issued such a policy to the Wylie Permanent Camping Company, a corporation of the state of West Virginia, doing a transportation and camping business in Yellowstone National Park, in the state of Wyoming. It appears that in the year 1908, and during the life of the said policy, an accident occurred to Mrs. Gail V. Lynch, a citizen and resident of the state of Ohio, which resulted in the bringing of a suit by Mrs. Lynch in this court against said Wylie Permanent Camping Company for the sum of $15,000 damages for the injury to her.

    Under its policies of insurance the plaintiff company was empowered and was obligated to defend suits against its policy holders, and upon notification of the pendency of this action brought by Mrs. Lynch they notified the defendants, who were their regularly retained counsel at Charleston, of the fact, and instructed said firm to enter an appearance on behalf of the defendant therein. The original declaration then proceeds to aver that thereupon it became the duty of the defendants to enter such appearance and to take such further steps as were necessary to prevent a judgment from being rendered against said Wylie Permanent Camping Company; that said defendants on January 26, 1909, advised plaintiff that an appearance at rules was not necessary, and had not been made, but that defendants would look after the case and keep plaintiff advised as to its progress; that it became and was the duty of defendants to protect plaintiff against a judgment by default, and to advise plaintiff of the time when said case was set for trial, so that plaintiff could be ready with witnesses at the trial, etc.; and that it relied upon defendants to discharge their professional duties in these respects.

    Plaintiff further avers that it made an effort to settle and compromise this litigation, and that it could have done so at any time up to the rendition of judgment therein for the sum of $2,000. It avers that by reason of the neglect of the defendant a default judgment was entered against Wylie Permanent Camping Company on the 2d day of July, 1909, and an inquiry of damages executed, resulting in a verdict and judgment against said company for the sum of $15,000 and for costs of said suit, both of which judgments plaintiff was, under its contract of insurance, compelled to pay to said Wylie Permanent Camping Company because of its failure to defend said action.

    Plaintiff by an amended declaration avers that under its contract with Wylie Permanent Camping Company its limit of liability, had it defended said action, would have been $5,000, and it could not have been liable for more, had defense been made by defendants as instructed; but it does not aver that the terms of its said contract were communicated to defendants, or that any information of facts constituting a defense were ever communicated to the defendants.

    Conley & Johnson, of Charleston, W. Va., for plaintiff.
    Malcolm Jackson, of Charleston, W. Va., for defendants.

KELLER, District Judge (after stating the facts as above). [1] Of course, the question here is whether the declaration, taking all the facts stated as true, makes a prima facie case for recovery. It is ordinarily true that in a suit against attorneys for negligence it is necessary to allege and to prove that the negligence complained of is the proximate cause of the loss complained of; in other words, to aver and prove, either that the loss would not have occurred, or that its amount would have been lessened, but for the negligence complained of.

It is true, however, that in Wharton on Negligence, 752, it is stated that when negligence has been shown, in consequence of which judgment has gone against the client, it is not incumbent on the client to show that, but for the negligence, he could have succeeded in the action. The only case referred to in Wharton supporting this view is the case of Godefroy v. Jay, 7 Bingham, 413, in which no attention was paid to the case by the attorney, and judgment was obtained by default, which the client was compelled to pay, and the court held that it was for the attorney to show that his client was not damnified by such negligence. This would seem to be precedent and some authority for the proposition that a declaration which avers such total failure to make any defense would be sufficient, without any allegation or averment of a just defense, and I believe it sufficient to sustain a judgment for nominal damages.

However, upon the principle that in any case of trespass on the case for negligence, cognizable in the courts of the United States, the amount in controversy is an essential element to give jurisdiction, I incline to the opinion that the declaration must aver either a good defense to the entire action, or else aver that but for the negligence of defendants a less sum would have been recovered in the action. See the opinion of Judge Swing in Spangler v. Sellers (C. C.) 5 Fed. 893, 894.

[2] I am quite confident that when, as in the case at bar, there is an averment in the declaration of the fact that at the time of employing counsel the client had the option of settling the case for a comparatively small sum of money, and such fact was not communicated to counsel, nor were the facts of the case at all communicated to such counsel, the plaintiff ought not to be permitted to make counsel responsible for its own default in failing to settle the case on the favorable terms known to it alone; and therefore, where such facts are averred in the declaration, they should be accompanied by an averment of good defense against the entire cause of action, or, at the least, that the amount for which the settlement could have been made was greater than the true legal liability upon fair and full trial. See Grayson v. Wilkinson, 13 Miss. (5 Smedes & M.) 268 and Benton v. Craig, 2 Mo. 198.

Demurrer sustained.